UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                     CASE NO: 8:09-cv-994-T-23TGW

GARY L. KELLER,

    Defendant.
_____/

## **O R D E R**

The United States sues (Doc. 1) Gary L. Keller to recover on two defaulted student loans. Pursuant to Rule 56, Federal Rules of Civil Procedure, the United States moves (Doc. 11) for summary judgment. A November 6, 2009, order (Doc. 10) directs Keller, who proceeds pro se, to respond by November 30, 2009, to the motion for summary judgment. See Moore v. State of Florida, 703 F.2d 516, 521 (11th Cir. 1983). Keller fails to respond.

Summary judgment is proper if the evidence shows "that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Rule 56(c), Federal Rules of Civil Procedure. The movant bears the burden of establishing the absence of a dispute over a material fact. Reynolds v. Bridgestone/Firestone, Inc., 989 F.2d 465, 469 (11th Cir. 1993). The evidence and factual inferences from the evidence are viewed favorably to the party opposing summary judgment. Reynolds, 989 F.2d at 469. However, when "a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather its response must—by

affidavits or as otherwise provided in [Rule 56, Federal Rules of Civil Procedure]—set out specific facts showing a genuine issue for trial. If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party." Rule 56(e)(2), Federal Rules of Civil Procedure; see also Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986).

The uncontested evidence attached to the motion for summary judgment establishes that as of December 4, 2009, Keller owes the United States $6,180.94, which amount includes $3,115.06 in principal and $3,065.88[*] in accumulated interest. (Doc. 11 at 6) Accordingly, the United States' motion (Doc. 11) for summary judgment is **GRANTED**. The Clerk is directed to enter judgment in favor of the United States and against the defendant in the amount of $6,180.94, which shall accrue post-judgment interest at the legal rate. Upon entry of judgment, the Clerk is directed to terminate any pending motion and close the case. The United States may submit a motion for costs within the time prescribed by Local Rule 4.18.

ORDERED in Tampa, Florida, on December 4, 2009.

*[signature]*
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

---

\* For the first loan, Keller owes $1,784.43 in principal, and interest accrues at an annual rate of 6.5%. Interest accrues on this loan at a rate of $0.32 per day ([6.5% / 365 days] * $1,784.43). For the second loan, Keller owes $1,330.63 in principal, and interest accrues at an annual rate of 6.65%. Interest accrues on this loan at a rate of $0.24 per day ([6.65% / 365 days] * $1,330.63). As of November 4, 2009, $3,049.64 of interest accrued on the loans. (Doc. 11 at 6) Between November 5, 2009, and December 4, 2009, interest accrued at the rate of $0.56 per day. Accordingly, as of December 4, 2009, the total accrued interest is $3,049.64 + $16.24 = $3,065.88.